UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ERIC JEROME TRAYLOR                          CASE NO.  3:23-CV-00405

VERSUS                                       JUDGE TERRY A. DOUGHTY

LA. ATTORNEY GENERAL ET AL.                  MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court is a motion for service [doc. 7], filed by Plaintiff Eric Jerome Traylor.  For reasons assigned below, IT IS RECOMMENDED that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for service [doc. #7], is DENIED AS MOOT.

### Background

This action arises from a dispute in Louisiana state court.  On March 30, 2023, Plaintiff filed suit under 42 U.S.C. § 1983 and 18 U.S.C. § 241, alleging that state court is "operating outside [its] jurisdiction over veterans [sic] benefits [. . .] and fraud."  [doc. #1, p. 3].  In his complaint, Plaintiff alleges that he participated in a child support hearing in Ouachita Parish State Court in September of 2021.  *Id.* at 4.  Apparently, the hearing officer instructed Plaintiff to either sign an order or go to jail.  *Id.*  Sometime later, Plaintiff participated in a second hearing, where he alleges that false information was presented.  *Id.*  Plaintiff seeks the following relief: (1) recall of a state court child support order; (2) removal of child support from his credit report; (3) return of "all money taken with interest;" and (4) damages for pain, suffering, and emotional stress.  *Id.*

On May 25, 2023, Plaintiff filed a motion requesting that the Court order the United States Marshal to serve summons on Defendants.  [doc. #7].

## Analysis

It is axiomatic that federal courts are courts of "limited jurisdiction possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted).  Thus, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).  In other words, the party seeking to invoke federal court jurisdiction bears the burden of demonstrating its existence.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013) (citations omitted).

Unless otherwise provided by statute, federal jurisdiction requires: (1) a federal question arising under federal statutes; or (2) complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,0000.  28 U.S.C. § 1331; 28 U.S.C. § 1332.

2

In his complaint, Plaintiff invokes this Court's federal question jurisdiction.  Article III of the Constitution gives the federal courts power to hear cases "arising under" federal statutes. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986).  Although the constitutional meaning of "arising under" may extend to all cases in which a federal question is "an ingredient" of the action, the Supreme Court has "long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Id.* (citing *Osborn v. Bank of the United States,* 9 Wheat. 738, 823 (1824); *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494–95 (1983)).  "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Id.* at 809 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983)).

However, "some claims are so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (internal quotations omitted).  "Federal courts lack the power to entertain these 'wholly insubstantial and frivolous' claims." *Id.* (citing *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 344 (5th Cir. 1977)).  "Determining whether a claim is 'wholly insubstantial or frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so clearly results from the previous decisions of the Supreme Court as to foreclose the subject.'" *Id.* (quoting *Southpark Square*, 565 F.2d at 344).

Plaintiff appears to allege that his civil rights were violated during a state court child support proceeding. To allege constitutional violations under 42 U.S.C. § 1983[1] that are neither frivolous nor insubstantial, "a plaintiff must allege facts showing that he has been 'deprived of a right secured by the Constitution and the laws of the United States' and that the deprivation was caused by a person or persons 'acting under color of state law.'" *McCalley v. UT Southwestern Med. Center*, Civ. No. 3:20-3196-B-BN, 2021 WL 955272, at *8 (N.D. Tex. Feb. 24, 2021) (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 2021)). Plaintiff fails to make that showing here. Plaintiff's complaint alleges the following, in its entirety:

> Eric Jerome Traylor went to Ouchita [sic] Parish Court State Court on are around Sept 2021 for child support Vicky Green was the hearing officer instructed Mr [sic] Traylor to sign a order that he did not agree with or go to jail immediately it was appealed had a second hearing with Judge Ben Jones[2] who was given intentionally false information about his disability said he was receiving social security which he was not and have not ever received social security and calculated Mr [sic] Traylor 100% veterans affair disability for child support which was illegal and outside jurisdiction[.]

[doc. #1, p. 4].

Plaintiff's claims are without merit; he provides no factual support for his conclusory allegation that the state court judge received false information, nor any facts to plausibly allege

---

[1] Plaintiff also invokes 42 U.S.C. § 241. This is a criminal statute that does not provide a civil cause of action. *See Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (party seeking to imply a cause of action bears the burden to show that Congress intended to create one); *see also Gill v. Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute.").

[2] Benjamin Jones formerly served as a judge of the 4th Judicial District; his most recent term expired December 31, 2014. *See* https://www.thenewsstar.com/story/news/local/2014/12/15/la-supreme-court-honors-judge-ben-jones/20464261/ (last visited 06/20/2023). However, Judge Frederick Jones has served on the Fourth Judicial District Court since 2021. *See* https://www.hannapub.com/ouachitacitizen/news/local_state_headlines/fred-jones-elected-4jdc-judge-unopposed/article_165138d4-ea36-11eb-b5c0-ff80a04ae0e1.html (last visited 06/20/2023).

violations of his constitutional rights.  Thus, Plaintiff's claims do not involve a federal controversy and the Court cannot exercise federal question jurisdiction.[3]  *See Atakapa*, 943 F.3d at 1007.  And because Plaintiff does not allege diversity between the parties, the Court cannot exercise diversity jurisdiction.  *See* 42 U.S.C. § 1332. Accordingly, the Court lacks subject matter jurisdiction, and Plaintiff's claims should be dismissed.

<u>Conclusion</u>

For the forgoing reasons,

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to serve [doc. #7], is **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

---

[3] Even if the undersigned construed Plaintiff's complaint to assert violations of his constitutional right to due process, the Court still lacks jurisdiction.  "When a civil rights lawsuit 'is inextricably intertwined' with a state-court judgment such that the suit is, essentially, an attack on that judgment, district courts lack original jurisdiction over the suit." *Pittman v. 22nd Judicial District Court, St. Tammany Parish*, Civ. No. 22-2242, 2023 WL 35770, at *2 (E.D. La. Jan. 4, 2023) (quoting *Batista v. Carter*, 796 F. App'x 209, 210 (5th Cir. 2020)) (internal quotation marks omitted).  In seeking an order "recalling" the state-court order regarding child support, Plaintiff asks this Court to review and reject the state-court order in contravention of the *Rooker-Feldman* doctrine, which directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.  *Id.; see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 20th day of June, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE